UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61138-CIV-SINGHAL/VALLE

ILENE RIVERA,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

**THIS CAUSE** is before the Court on Defendant's Motion for Attorneys' Fees ("Motion") (DE [38]). The Motion was referred to Magistrate Judge Alicia Valle for a Report and Recommendation on September 25, 2024 (DE [39]). Judge Valle issued a Report and Recommendation on March 19, 2025, recommending that the Motion be denied (DE [48]). Defendant filed its Objections to Report and Recommendation on April 2, 2025 (DE [51]) ("Objections"). Plaintiff filed its Response in Opposition to Defendant's Objections to Report and Recommendation on May 5, 2025 (DE [57]) ("Response to Objections").

### I.    BACKGROUND

There is no need to rework the facts, background, and applicable legal standards that were articulated by Judge Valle. This Court adopts Judge Valle's description of the factual and procedural background and the applicable legal standards in the Report and Recommendation (DE [48]) and incorporates that background by reference herein.

In in its Objections, Defendant argues that (i) it is entitled to attorneys' fees for Plaintiff's FCCPA claim pursuant to Local Rule 7.1(c) and (ii) the magistrate judge

misapplied the legal standard when ruling on its FCCPA claim. (DE [51]). This Court will address each objection in turn.

## II.   STANDARD OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III.   DISCUSSION

A. The Court is not obligated to grant Defendant's Motion by default.

In the Report and Recommendation, the magistrate judge "exercise[d] [her] discretion to waive strict compliance with the Local Rule and decide[d] the Motion on the merits. (DE [48], 3 n. 1) (citing *Charlemagne v. Alibayof*, No. 20-CV-62043, 2021 WL 8565992, at *1 (S.D. Fla. Nov. 11, 2021) ("[T]his Court has a strong preference for deciding cases on the merits, and not a procedural misstep.") (citation omitted)). In its Objections, Defendant argues that "[a]s a matter of law and this Court's Local Rule 7.1(c), [it] is entitled to its FCCPA attorneys' fees by default because Plaintiff never responded to [it's] claims for attorneys' fees in her Response." (DE [51], 3). Local Rule 7.1(c) explicitly provides that "[f]ailure to [respond to a motion] **may** be deemed sufficient cause for granting the motion by default." Local R. 7.1 (c) (emphasis added). Defendant provides no authority that contradicts the language of this rule. This Court accepts the magistrate

judge's decision to rule on the merits of Defendants' FCCPA claim for attorneys' fees and does so here as well.

B.  <u>Plaintiff's FCCPA claim is not frivolous.</u>

Defendant objects to the magistrate judge's application of the legal standard regarding its claim for attorneys' fees under FCCPA.  (DE [51], 5).  "Unlike the FDCPA's subjective requirements of bad faith and intent to harass, the FCCPA embraces an objective standard." *Victor v. Petrousky*, No. 619CV788ORL40LRH, 2020 WL 7401604, at *4 (M.D. Fla. May 27, 2020).  Under the FCCPA, a defendant may recover its reasonable attorney's fees if the plaintiff's suit "fails to raise a justiciable issue of law or fact."  *Burgos v. SunTrust Bank, N.A.*, No. 13-21197-CIV, 2020 WL 2299937 (S.D. Fla. Mar. 31, 2020), *report and recommendation adopted*, No. 13-21197-CIV, 2020 WL 2299936, at *4 (S.D. Fla. May 7, 2020); *Valenzuela v. Medicredit, Inc.*, No. 6:20-CV-124-RBD-GJK, 2021 WL 2403938, at *8 (M.D. Fla. Mar. 29, 2021), *report and recommendation adopted*, No. 6:20-CV-124-RBD-GJK, 2021 WL 1733308 (M.D. Fla. May 3, 2021).  "There is little authority on what constitutes a failure 'to raise a justiciable issue of law or fact' in the context of a claim for fees by a prevailing defendant in an FCCPA case."  *Burgos*, 2020 WL 2299937, at *4.  "Florida courts have consistently held that in order for an action to be devoid of merit so as to not have a justiciable issue the claims must be 'frivolous.'"  *Valenzuela*, 2021 WL 2403938, at *3 (citing *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1508 (11th Cir. 1985)); *Burgos*, 2020 WL 2299937, at *4.

Courts in this District have held that the "[f]rivolousness of a claim ... is to be judged and determined as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim or the defense to be without

justiciable issue in law or fact should not subject the losing party to attorney's fees." *Abby v. Paige*, No. 10-23589-CIV, 2013 WL 12246348, at *4 (S.D. Fla. Aug. 2, 2013), *report and recommendation adopted,* No. 10-23589-CIV, 2013 WL 12246349 (S.D. Fla. Oct. 1, 2013) (denying defendant's motion for attorney's fees under the FCCPA) (citing *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F.Supp.2d 1283, 1290 (M.D. Fla. 2006) (internal quotation marks and citation omitted)). [1] An action is frivolous when it is:

> (a) completely without merit in law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law; (b) contradicted by overwhelming evidence; (c) undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (d) asserting material factual statements that are false.

*Valenzuela*, 2021 WL 2403938, at *4 (quoting *Visoly v. Sec. Pac. Credit Corp.*, 768 So. 2d 482, 491 (Fla. 3d DCA 2000)).

In the Motion, Defendant appears to object only to the first factor.[2] To prove a claim under the FCCPA, a plaintiff must demonstrate that "(1) the defendant is a person within the meaning of the FCCPA, (2) the defendant collected or attempted to collect a debt from the plaintiff, and (3) the defendant committed an act or omission prohibited by the FCCPA when it collected or attempted to collect the debt." *Kuehn v. Cambridge Vill.*

---

[1] In further support of this view, courts have held that the granting of summary judgment in favor of defendant is not enough to find that plaintiff's claim was frivolous. *Valenzuela*, 2021 WL 2403938, at *4 (citing *Wilson v. Transworld Sys., Inc.*, No. 5:00-CV-135-WTH-GRJ, 2003 WL 21488206, at *2 (M.D. Fla. June 10, 2003) ("[T]he mere fact that the Defendant prevailed on summary judgment, and the Defendant's unsubstantiated allegations of bad faith and harassment, are insufficient to show that the Plaintiff failed to raise a justiciable issue of law or fact.")).

[2] *See* (DE [38], 9) ("Plaintiff launched this lawsuit without any evidence to prove the second element of her FCCPA. Plaintiff's meritless claims did not stop there because she also filed the lawsuit without the ability to prove the third element of her FCCPA claim."); s*ee also* (DE [47], 6) ([W]ithout any evidence to support key elements of her FCCPA claim, it is clear that Plaintiff's FCCPA claims were frivolous and therefore failed to raise a justiciable issue of fact.").

*Ass'n, Inc.*, 2021 WL 3375337, at *2 (M.D. Fla. July 16, 2021) (quoting *Baumann v. Prober & Raphael*, 2017 WL 10350673, at *2 (M.D. Fla. May 17, 2017)).

The magistrate judge found that "the Complaint adequately alleged the elements of an FCCPA claim even if Plaintiff was subsequently unsuccessful on summary judgment." (DE [48], 8). Defendant argues that the magistrate judge's finding lacks support, citing only Plaintiff's mistaken belief that Defendant called her for the purpose of collecting the debt at issue in a state court proceeding, and that this "subjective" belief should not be used when determining fee awards under the FCCPA. (DE [51], 7-8).

This Court must determine whether a justiciable question of law existed at the time the case was presented. *Abby v. Paige*, 2013 WL 12246348, at *4. In the Complaint, Plaintiff alleged that she had received phone calls from the Defendant to collect a debt while an attorney represented her in a state court action against Defendant related to that debt. (DE [1], ¶¶ 13-14). After completing discovery, it was revealed that Defendant did make phone calls to Plaintiff's cellphone number ending in #8415, but those calls were made in connection with an account ending in #5576, which had been identified as belonging to another individual but listed Plaintiff's cellular number as a contact number. (DE [35], 5-6). These "subsequent developments," namely that Defendant's calls inquired into a different account, "should not subject the losing party to attorney's fees." *Abby v. Paige*, 2013 WL 12246348, at *4. As this legal standard is an objective one, this Court emphasizes that its decision is not based on Plaintiff's *belief* that she could bring a case against Defendant. Rather, it is grounded in the view that at the time Plaintiff filed her Complaint, the facts indicated that Defendant *could* have been calling Plaintiff about the account at the center of the state court action, and if true, the claim would not be

5

"completely without merit in law." *Valenzuela*, 2021 WL 2403938, at *4. Thus, this Court finds that Plaintiff's claim under FCCPA is not frivolous.

## IV. CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that the magistrate judge's Report and Recommendation (DE [48]) is **AFFIRMED** and **ADOPTED.** Defendant's Motion for Attorneys' Fees (DE [38]) is **DENIED**. It is **FURTHER ORDERED** that Defendant's Objections to the Report and Recommendation (DE [51]) are **OVERRULED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of May 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF